**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| REY DANIEL ABEDNEGO DE LEON-DE LEON,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | Nos.  17-70564<br>        17-72401<br><br>Agency No. A205-158-263<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2019
San Francisco, California

Before:  W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,[**]
District Judge.

Petitioner De Leon-De Leon claims eligibility for withholding of removal

based on likely persecution due to his membership in a social group – specifically,

male members of his family.  Although we deny the petition on the record created

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

in the hearing before the Immigration Judge ("IJ"), we grant De Leon-De Leon's petition for review of the BIA's denial of his motion to reopen.

Petitioner's uncle Elias was murdered in 2000. Petitioner; his stepfather, Jose; and another uncle, David, pushed for an investigation and, later, a conviction of Elias's killer. The convicted murderer, Gandini, threatened the family with death in open court.

Two years later, Petitioner's stepfather, Jose, was murdered in the taxi he drove, and nothing was stolen from the scene of the murder. Petitioner's mother began receiving threatening phone calls, which continued until his family cut off the phone line and relocated. In 2006, Petitioner fled Guatemala. In 2011, Petitioner's uncle David, who had along with Petitioner and his stepfather pushed for an investigation into Elias's murder, was killed, and David's son was shot and left for dead, in the woodworking shop where they worked. Again, nothing was stolen from the scene of the murder. The following year, two of Petitioner's brothers were extorted at the motorcycle shop where they worked.

Petitioner believes that the subsequent violence and threats against his family are causally related to Gandini's threat. But based on this evidence, the IJ and Board of Immigration Appeals ("BIA") concluded that there was an insufficient showing that the violence and threats were connected to Gandini. The

2

BIA's conclusion – that the nexus between Gandini's threat and the violence suffered by Petitioner's family was inadequate – was sufficiently supported.

After the BIA's decision, however, Petitioner discovered that his nephew had been attacked in Guatemala by two men in November 2016. The men cut the boy's face with pliers and told him that "they are coming after [Petitioner and his brother] . . . [and if the family] went to the police about what they did . . . they would kill our whole family." Petitioner filed a motion to reopen. The BIA denied the motion, reasoning that the new evidence did not add sufficient support to Petitioner's claim that the murders and other violence were connected to Gandini.

We hold that the BIA abused its discretion in denying Petitioner's motion to reopen. *Cf. Cano-Merida v. I.N.S.*, 311 F.3d 960, 964 (9th Cir. 2002).

Petition **DENIED** in No. 17-70564, Petition **GRANTED** in No. 17-72401.

3

*De Leon-De Leon v. Barr*, No. 17-70564+

MILLER, J., concurring in part and dissenting in part:

I concur in the court's denial of the petition in No. 17-70564, but I would also deny the petition in No. 17-72401. A party seeking to reopen proceedings before the Board of Immigration Appeals must demonstrate that "the new evidence offered would *likely* change the result in the case." *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992) (emphasis added). The Board did not abuse its discretion when it concluded that that demanding standard was not satisfied here.